**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 20-10052 |
| Plaintiff-Appellee, | 20-10053 |
| v. | D.C. Nos. 1:08-cr-00037-SOM-1 |
| BEOM JOSEPH HONG, | 1:06-cr-00562-SOM-1 |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

In these consolidated appeals, Beom Joseph Hong appeals the concurrent

sentences of 18 months' custody and 42 months' supervised release imposed upon

revocation of supervised release in two different cases.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hong contends that the district court imposed a substantively unreasonable sentence in light of his substance abuse problems and the lack of any indication that he harmed anyone during the time he absconded from supervision. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including, as the district court highlighted, Hong's poor performance on supervision, the need to protect the public, and the need to afford adequate deterrence. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

To the extent Hong contends that his sentence is substantively unreasonable because the district court procedurally erred, we conclude there was no error. The district court's explanation for the sentence was adequate, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and it reflects that the court considered the § 3583(e) sentencing factors and imposed the sentence to sanction Hong's breach of the court's trust rather than to punish him, s*ee Simtob*, 485 F.3d at 1062.

**AFFIRMED.**